**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**TRENTON VICINAGE**

| | |
|---|---|
| CODY CONROY & H.S., a pseudonym, | Hon. Michael A. Shipp, U.S.D.J. |
| Plaintiffs, | Civil Action No. 3:19-cv-09452 (MAS-TJB) |
| v. | |
| LACEY TOWNSHIP SCHOOL DISTRICT, et al. | |
| Defendants. | |

_____

**LACEY BOE DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO PARTIALLY DISMISS THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(1) AND (6)**

_____

ROSHAN D. SHAH, ESQ.
**SCARINCI & HOLLENBECK, LLC**
**ATTORNEYS AT LAW**
1100 Valley Brook Avenue
P.O. Box 790
Lyndhurst, NJ 07071-0790
Telephone: (201) 896-7173
Facsimile: (201) 896-7174
*Attorneys for Defendants Lacey*
*Township Board of Education, Gregory*
*Brandis, Craig Wiley, Mark Angelo,*
*and Craig Cicardo*

Of Counsel:
  Roshan D. Shah, Esq.

On the Brief:
  Roshan D. Shah, Esq.
  Kevin Foltmer, Esq.

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

PROCEDURAL AND FACTUAL BACKGROUND ..............................................................4

STANDARDS OF REVIEW ...................................................................................................6

      A.      Motion to Dismiss for Lack of Standing Under Rule 12(b)(1) ....................6

      B.      Motion to Dismiss for Failure to State a Claim Under 6
            Rule 12(b)(6) ...............................................................................................6

ARGUMENT.............................................................................................................................8

POINT I

      CONROY AND H.S. HAVE GRADUATED AND, THUS, LACK
      ANY STANDING TO PURSUE INJUNCTIVE RELIEF ...........................................8

POINT II

      TITLE 18A DOES NOT GIVE RISE TO A PRIVATE CAUSE OF
      ACTION AND, THUS, COUNT IV OF THE COMPLAINT SHOULD
      BE DISMISSED ........................................................................................................ 10

POINT III

      THE COURT SHOULD ALSO DISMISS PLAINTIFFS' VAGUENESS
      AND OVERBREADTH CLAIMS BECAUSE THEY HAVE FAILED
      TO IDENTIFY THE OFFENDING PROVISION .....................................................11

CONCLUSION .......................................................................................................................14

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Ashcroft v. Free Speech Coalition,*
   535 U.S. 234 (2002)...................................................................................................11

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ...................................................................................................6

*Ballentine v. United States,*
   486 F.3d 806 (3d Cir. 2007)......................................................................................6

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007)....................................................................................................6

*Brown v. Fauver,*
   819 F.2d 395 (3d Cir. 1987).......................................................................................8

*Burtch v. Milberg Factors, Inc.,*
   662 F.3d 212 (3d Cir. 2011) ......................................................................................7

*City of Los Angeles v. Lyons,*
   461 U.S. 95 (1983).................................................................................................8, 9

*Connelly v. Lane Constr. Corp.,*
   809 F.3d 780 (3d Cir. 2016) .................................................................................6, 7

*D.B. v. Jersey City Bd. of Educ.,*
   2018 N.J. Super. Unpub. .......................................................................................10

*Dunkley v. Bd. of Educ. of the Greater Egg Harbor Reg'l High Sch. Dist.,*
   216 F. Supp. 3d 485 (D.N.J. 2016) ...................................................................13, 14

*FOCUS v. Allegheny Cnty. Court of Common Pleas,*
   75 F.3d 834 (3d Cir. 1996).........................................................................................6

*Friends of the Earth, Inc. v. Laidlaw Envt'l. Servs. (TOC), Inc.,*
   528 U.S. 167 (2000)....................................................................................................8

*Hoffman Estates v. Flipside, Hoffman Estates*, Inc.,
   455 U.S. 489 (1982)..................................................................................................11

*Lewis v. Casey,*
   518 U.S. 343 (1996)....................................................................................................8

*Stretton v. Disciplinary Bd. of the Supreme Court of Pa.*,
   944 F.2d 137 (3d Cir. 1991) ................................................................... 11, 12

*Swift & Co. v. United States*,
   196 U.S. 375 (1905) ....................................................................................... 10

*Sypniewski v. Warren Hills Reg'l Bd. of Educ.*,
   307 F.3d 243 (3d Cir. 2002) .......................................................................... 11

*Tinker v. Des Moines Indep. Cmty. Sch. Dist.*,
   393 U.S. 503 (1969) .................................................................................... 3, 13

## STATUTES & ADMINISTRATIVE REGULATIONS

N.J.S.A. § 10:6-2 ................................................................................................... 5

N.J.S.A. § 18A:6-9 ............................................................................................... 10

N.J.S.A. § 18A:37-2 ...................................................................................... 5, 10, 14

N.J.S.A. § 18A:37–15.3 ....................................................................................... 14

N.J.A.C. § 6A:16-7.5 ................................................................................. 5, 10, 13, 14

## FEDERAL RULES OF CIVIL PROCEDURE

FED. R. CIV. P. 12(b)(1) ........................................................................................ 6

FED. R. CIV. P. 12(b)(6) ........................................................................................ 6

4848-0135-5163, v. 1

**PRELIMINARY STATEMENT**

On February 14, 2018, a 19-year-old former student opened fire and killed 17 students and staff at Marjory Stoneman Douglas High School in Parkland, Florida. Media quickly scoured through the shooter's social media accounts and uncovered posts, such as this:



The horror sent shockwaves throughout the country. And it pushed the collective anxiety of parents and school officials to the knife's edge.

Unfortunately, a small number of students in the Lacey Township School District exploited these fears for their own amusement. Within days of the Parkland tragedy, the District began receiving complaints from concerned parents and community members about students emulating the Parkland shooter--namely by posting menacing pictures

with guns and ammunition on social media. Soon thereafter, plaintiffs Cody Conroy and

H.S., both high school seniors, joined the "fun."

On March 10, 2018, Conroy and H.S. began posting pictures of assault weapons

on social media, including the following from H.S.:



As expected--and as plaintiffs desired--alarm ensued. In response, the District

investigated, including speaking with both Conroy and H.S. The District then imposed a

three-day in-school suspension and a Saturday detention. After plaintiffs served the in-

school suspensions, the District rescinded the Saturday detention and even expunged the

students' disciplinary record.

4848-0135-5163, v. 1

Now, more than a year later, plaintiffs have filed suit. They complain that the District, as well as Craig Wigley, the Superintendent, Greg Brandis, the high school principal, Mark Angelo, the assistant high school principal, and Craig Cicardo, the anti-bullying specialist (collectively, the "Lacey BOE Defendants"), violated their rights under federal and state law. Specifically, Conroy and H.S. assert: 1) a First Amendment retaliation claim; 2) a First Amendment vagueness and overbreadth challenge to the Student Code of Conduct; 3) parallel free speech challenges under Article I, Paragraph 6 of the New Jersey State Constitution; and 4) violation of Title 18A and its implementing regulations concerning student discipline. Plaintiffs seek compensatory and punitive damages, as well as a laundry list of injunctive relief, including policy changes.

The Lacey BOE Defendants now move to partially dismiss the Complaint. First, all of plaintiffs' injunctive relief claims should be dismissed. Simply put, these plaintiffs have graduated and no longer have standing to pursue such claims.

Second, the Court should dismiss plaintiffs' claims under Title 18A and its implementing regulations because those provisions do not permit a private cause of action.

Finally, the Court should dismiss plaintiffs' vagueness and overbreadth challenges under the First Amendment and Article I, Paragraph 6 of the New Jersey State Constitution. Plaintiffs never identify the specific provision they contend is overbroad or vague. Rather, they broadly indict the District's *authority* to discipline students for off-campus speech. But, as we explain below, that authority is grounded in state law which, in turn, tracks the standard set forth in *Tinker v. Des Moines Indep. Cmty. Sch. Dist.*, 393 U.S. 503, 513-14 (1969). The authority is constitutional.

For these reasons, the Court should grant the Lacey BOE Defendants' motion.

3

**PROCEDURAL AND FACTUAL BACKGROUND**

Only weeks after the school shooting at Marjoy Stoneman Douglas High School in Parkland, Florida, the District received a complaint from a parent.[1] *Pls.' Comp.*, ¶¶ 5, 27. The parent expressed concern that her daughter, a District student, viewed a classmate's social media postings, which depicted pictures of several firearms.  *Id.* at ¶¶ 25-26. The pictures made her daughter nervous to come to school.  *Id.* at ¶ 27.[2]

An investigation revealed that plaintiffs Cody Conroy and H.S, both high school seniors, posted pictures to social media of several firearms on a table. *Id.* at ¶¶ 10-11, 25-28, 35-36. Following a meeting, the plaintiffs were given three days of in-school suspension and one Saturday detention for the episode.  *Id.* at ¶ 40.  After having served three days of in-school suspension, the District rescinded the Saturday detention and even expunged the students' disciplinary record. *Id.*

Within a matter of only a few days, however, the expunged discipline made its way into the news, and a public backlash began against the District.  *Id.* at ¶ 41. The District has maintained and will continue to maintain that it acted appropriately.

On April 10, 2019, plaintiffs--still upset about the "poor temperature control" in the room where they served their suspensions with other students, *see id.* at ¶ 40--filed the instant suit against the District, Brandis, Wigley, Angelo, and Cicardo.

Plaintiffs assert four claims: 1) a First Amendment claim based on the District disciplining them for engaging in "purely personal [off-campus] speech . . . [that] did not

---

[1] The facts that follow are drawn from the Complaint and, for purposes of this motion only, are assumed as true, however incomplete or inaccurate they may be in accordance with the standard of review for motions to dismiss.

[2] While not pled, discovery will reveal this was one of several complaints about students posting pictures emulating the Parkland shooter.

4

cause any material and substantial disruption at the school." *Id*. at ¶¶ 43-48; 2) a First Amendment claim based on the District's Code of Student Conduct, which they contend is vague and overbroad; 3) a parallel free speech claims under Article I, Para. 6 of the New Jersey State Constitution (brought under N.J.S.A. § 10:6-2); and 4) a claim alleging the District violated Title 18A, N.J.S.A. § 18A:37-2 and its implementing regulation, N.J.A.C. § 6A:16-7.5. *Id*. at Counts I-IV.

In addition to monetary relief for "psychological and reputational damages" brought about by three days of in-school suspension, plaintiffs also seek injunctive relief, including forcing the district to place a "corrective statement in Conroy and H.S.'s student records"; enjoining future attempts to regulate, discipline or punish other students for purportedly protected speech; and ordering the District to "permanently revise its Code of Student Conduct and other policies[.]" *Id*. at Prayer for Relief. It's undisputed both plaintiffs graduated in June 2018.

4848-0135-5163, v. 1

## STANDARDS OF REVIEW

A.     Motion to Dismiss for Lack of Subject Matter Jurisdiction Under
       Rule 12(b)(1).

"A motion to dismiss for want of standing is [] properly brought pursuant to Rule

12(b)(1), because standing is a jurisdictional matter." *Ballentine v. United States*, 486

F.3d 806, 810 (3d Cir. 2007). "'The party invoking federal jurisdiction bears the burden

of establishing' the elements of standing, and 'each element must be supported in the

same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with

the manner and degree of evidence required at the successive stages of the litigation.'"

*FOCUS v. Allegheny Cnty. Court of Common Pleas*, 75 F.3d 834, 838 (3d Cir. 1996). In

evaluating 12(b)(1) motions, "the Court must accept as true all material allegations set

forth in the complaint, and must construe those facts in favor of the nonmoving party."

*Id.*

B.     Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6).

To survive a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), a complaint

must plead "factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009)(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "Under the pleading

regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a

complaint must take three steps." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d

Cir. 2016)

"First, it must 'tak[e] note of the elements [the] plaintiff must plead to state a

claim.'" *Id.* (citing *Iqbal*, 556 U.S. at 675)(alterations in original). "Second, it should

identify allegations that, 'because they are no more than conclusions, are not entitled to

6

the assumption of truth.'" *Id.* (citing *Iqbal*, 556 U.S. at 679). "Mere restatements of the elements of a claim are not entitled to the assumption of truth." *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). "Finally, '[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Connelly*, 809 F.3d at 787 (alterations in original).

7

**ARGUMENT**

POINT I

CONROY AND H.S. HAVE GRADUATED AND,
THUS, LACK ANY STANDING TO PURSUE
INJUNCTIVE RELIEF.

"[A] plaintiff must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000); *Lewis v. Casey*, 518 U.S. 343, 358 n.6 (1996) ("[S]tanding is not dispensed in gross"). "While a § 1983 plaintiff's allegation that he has suffered from unconstitutional practices may be sufficient to establish standing to sue for damages, '[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief. . . .'" *Brown v. Fauver*, 819 F.2d 395, 400 (3d Cir. 1987)(citing *O'Shea v. Littleton*, 414 U.S. 488, 495 (1974)(alteration and ellipses in original)).

Rather, to obtain prospective relief, plaintiff must show a "real and immediate threat" of again suffering violation of his constitutional rights. *City of Los Angeles v. Lyons*, 461 U.S. 95, 110 (1983). On this score, "plaintiff's subjective apprehensions" are irrelevant. *See Id.* at 107 n.8 ("It is the reality of the threat of repeated injury that is relevant to the standing inquiry, not the plaintiff's subjective apprehensions"). "The emotional consequences of a prior act simply are not a sufficient basis for an injunction absent a real and immediate threat of future injury by the defendant." *Id.*

*Lyons* remains useful for evaluating a plaintiff's standing to pursue injunctive relief. There, plaintiff Adolph Lyons alleged he was stopped by officers from the Los Angeles Police Department (LAPD) and, without justification, placed in a chokehold. *Id.* at 98. Lyons brought claims under the First, Fourth, Eighth and Fourteenth Amendments, and sought: monetary relief; a judgment declaring "that use of the

8

chokeholds absent the threat of immediate use of deadly force is a <u>per se</u> violation of various constitutional rights"; and an injunction prohibiting such chokeholds absent situations where the suspect "reasonably appears to be threatening the immediate use of deadly force." *Id.* at 98.

After Lyons obtained preliminary injunctive relief in the district court and the Ninth Circuit Court of Appeals affirmed, the U.S. Supreme Court reversed, holding that Lyons lacked standing. *Id.*

The Court reasoned that, while "Lyons may have been illegally choked by the police on October 6, 1976," that only "afford[ed] Lyons standing to claim damages against the individual officers and perhaps against the City[.]" *Id.* at 105. That fact "does nothing to establish a real and immediate threat that he would again be stopped for a traffic violation, or for any other offense, by an officer or officers who would illegally choke him into unconsciousness without any provocation or resistance on his part." *Id.*

Nor did it matter that Lyons claimed that LAPD "routinely apply chokeholds in situations where they are not threatened by the use of deadly force[.]" *Id.* The Court held that such a showing "falls far short of the allegations that would be necessary to establish a case or controversy ***between these parties***." *Id.* (emphasis added). The Court was unmoved by Lyons's claim that he "feared he would be choked in any future encounter with the police." *Id.* at 107 n.8. The Court held that such "subjective apprehensions" were meaningless to the standing inquiry. *Id.*

Here, Conroy and H.S. lack any standing to seek injunctive relief. Stated simply: they have graduated from the District and will never have occasion to return their as students. Thus, even if they show that the District violated their First Amendment rights--and it didn't--that only gives them a right to seek monetary, not injunctive, relief. These

9

two plaintiffs have no standing to pursue relief that forces the District to, for example, refrain from "regulat[ing], discipline[ing] or punish[ing] other students for purportedly protected speech." *Pls.' Comp.*, Prayer for Relief.3 Thus, the Court should dismiss with prejudice plaintiffs' claims for injunctive relief.

<u>POINT II</u>

<u>TITLE 18A DOES NOT GIVE RISE TO A
PRIVATE CAUSE OF ACTION AND, THUS,
COUNT IV OF THE COMPLAINT SHOULD BE
DISMISSED.</u>

In Count IV, plaintiffs allege violations of N.J.S.A. § 18A:37-2 and its implementing regulation, N.J.A.C. § 6A:16-7.5. *Pls.' Comp.*, Count IV. These provisions concern disciplining students for conduct that occurs off campus. *See* N.J.S.A. § 18A:37-2; N.J.A.C. § 6A:16-7.5.  But neither of these provisions create a private cause of action for money damages (the only relief these plaintiffs have standing to pursue).

Rather, N.J.S.A. § 18A:6-9 grants the New Jersey Commissioner of Education the right to hear all controversies and disputes arising under Title 18. N.J.S.A. § 18A:6-9 ("The commissioner shall have jurisdiction to hear and determine, without cost to the parties, all controversies and disputes arising under the school laws, excepting those governing higher education, or under the rules of the State board or of the commissioner"). Plaintiffs cannot maintain such an action in the courts. *D.B. v. Jersey City Bd. of Educ.*, 2018 N.J. Super. Unpub. LEXIS 2685, *10 (App. Div. Dec. 7, 2018) (affirming dismissal of claim under Title 18A on the grounds that such claims must be brought before the commissioner). Thus, the Court should dismiss Count IV.

---

3 The injunctive relief plaintiffs seek is too broad anyway and effectively amounts to an order requiring the District to "obey the law" (or at least plaintiffs' version of it). That is not a proper use of the court's equitable powers. *Swift & Co. v. United States*, 196 U.S. 375 (1905).

4848-0135-5163, v. 1

POINT III

THE COURT SHOULD ALSO DISMISS PLAINTIFFS' VAGUENESS AND OVERBREADTH CLAIMS BECAUSE THEY HAVE FAILED TO IDENTIFY THE OFFENDING PROVISION.

"[T]he demands of public secondary and elementary school discipline are such that it is inappropriate to expect the same level of precision in drafting school disciplinary policies as is expected of legislative bodies crafting criminal restrictions." *Sypniewski v. Warren Hills Reg'l Bd. of Educ.*, 307 F.3d 243, 260 (3d Cir. 2002). It is axiomatic that a challenge on vagueness or overbreadth grounds begins by examining the provision at issue. *Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494 (1982)("In a facial challenge to the overbreadth and vagueness of a law, a court's first task is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct"). The courts apply different tests when analyzing a vagueness and overbreadth challenge. We discuss the standards separately, starting with the latter.

A policy "is unconstitutional on its face if it prohibits a substantial amount of protected expression." *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 244 (2002). *Sypniewski*, 307 F.3d at 258 ("The harassment policy can be found unconstitutionally overbroad if there is a likelihood that the statute's very existence will inhibit free expression to a substantial extent (citations and quotations omitted)). "[A] policy can be struck down only if no reasonable limiting construction is available that would render the policy constitutional." *Id.* at 259. "'[T]he elementary rule is that every reasonable construction must be resorted to, in order to save a statute from unconstitutionality.'" *Stretton v. Disciplinary Bd. of the Supreme Court of Pa.*, 944 F.2d

11

137, 144 (3d Cir. 1991)(citing *Edward J. DeBartolo Corp. v. Fla. Gulf Coast Bldg. Constr. Trades Council,* 485 U.S. 568, 575 (1988))(alteration in original).

"'[A] single impermissible application' is insufficient to deem a statute or policy invalid' on overbreadth grounds." *Id.* at 165 (citing *New York v. Ferber*, 458 U.S. 747, 772 (1982). Instead, courts consider four factors: "(1) the number of valid applications; 2) the historic or likely frequency of conceivably impermissible applications; 3) the nature of the activity or conduct sought to be regulated; and 4) the nature of the state interest underlying the regulation." *Id.* (citations and internal quotations omitted).

Similarly, when analyzing a vagueness challenge, the court seeks to "ensure that a statute or standard is fair in that it is not so vague that a party would not know what conduct is prohibited." *Id.* at 166-67. "Thus, a statute is unconstitutionally vague when 'men of common intelligence must necessarily guess at its meaning.'" *Id.* (citing *Broadrick v. Okla.*, 413 U.S. 601, 607 (1973)). "[I]t is important to note that, in the civil context, statutes need not be as precise as in the criminal context and are, therefore, less likely to be invalidated under a void-for-vagueness challenge." *Id.* at 167.

Here, there's no way for this Court to analyze either the vagueness or overbreadth challenge. That is because plaintiffs have failed to identify the exact provision at issue and, instead, offer the vague allegation that the Code of Student Conduct "permits school authorities to impose discipline upon a student for conduct that occurs away from school grounds where the conduct materially and substantially interferes with the requirements of appropriate discipline in the operation of the school." *Pls.' Comp.*, ¶ 50. But this is a grievance about the scope of the District's authority, not the language in its Code of Student Conduct. If plaintiffs believe school districts shouldn't have this authority, then

their proper target is the State of New Jersey, not the District. State law defines the contours of the District's authority to discipline students. *See* N.J.A.C. § 6A:16-7.5 ("School authorities have the right to impose a consequence on a student for conduct away from school grounds that is consistent with the district board of education's code of student conduct . . . [t]his authority shall be exercised only when the conduct that is the subject of the proposed consequence materially and substantially interferes with the requirements of appropriate discipline in the operation of the school").

Moreover, this authority to impose discipline for off-campus conduct is constitutionally sound. The "materially and substantially interferes" standard is directly from *Tinker*, 393 U.S. at 513-14, the seminal case discussing the intersection of First Amendment rights and school discipline. While *Tinker* involved on-campus speech, courts have extended its reach to cover off-campus speech that meets the standard--*i.e.*, speech that materially and substantially interferes with the operation of the school. *See, e.g., Dunkley v. Bd. of Educ. of the Greater Egg Harbor Reg'l High Sch. Dist.*, 216 F. Supp. 3d 485, 486 (D.N.J. 2016)( rejecting First Amendment claim and applying *Tinker* standard to off-campus speech, including social media posts where plaintiff criticized another student's athletic ability and authored other impolite posts).

Thus, if plaintiffs contend a specific provision in the Code of Student Conduct is constitutionally vague or overbroad, they must identify it. If their complaint is really aimed at the District's authority to discipline students for off-campus speech--which derives from state law--they should say so plainly, so that all parties can understand exactly what's at stake. [4] Either way, as currently pled, Count II should be dismissed and,

---

[4] One example of what's at stake: the validity of New Jersey's Anti-Bullying Bill of Rights Act. It's difficult to reconcile how districts could be enjoined from disciplining off-campus behavior and

to the extent plaintiffs' NJCRA claims in Count III are predicated on the vagueness or overbreadth doctrines, they should also be dismissed.

**CONCLUSION**

For the foregoing reasons, the Court should grant the Lacey BOE Defendants' motion to partially dismiss the Complaint and dismiss with prejudice: 1) all claims for injunctive relief; 2) Count IV-violation of N.J.S.A. § 18A:37-2 and N.J.A.C. § 6A:16-7.5; and 3) all claims under the United States Constitution and New Jersey State Constitution predicated upon the vagueness or overbreadth doctrine; and

> **SCARINCI & HOLLENBECK, LLC**
> **ATTORNEYS AT LAW**
> *Attorneys for Defendants Lacey*
> *Township Board of Education, Gregory*
> *Brandis, Craig Wiley, Mark Angelo,*
> *and Craig Cicardo*
>
> By: /s/ *Roshan D. Shah*
>      Roshan D. Shah, Esq.

Dated:  June 28, 2019

---

how this law could remain fully intact. The Anti-Bullying Bill of Rights Act mandates that school districts address *off-campus* incidents of bullying, intimidation and harassment. N.J.S.A. § 18A:37–15.3. This includes incidents where nothing more than protected (yet offensive) speech is aimed at the victim. *See Dunkley*, 216 F. Supp. 3d at 486.

14
