# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CODY CONROY and H.S., a pseudonym,<br><br>Plaintiffs,<br><br>- against -<br><br>LACEY TOWNSHIP SCHOOL DISTRICT; GREGORY BRANDIS, Principal of Lacey Township High School; CRAIG WIGLEY, School District Superintendent; MARK ANGELO, Assistant Principal of Lacey Township High School; CRAIG CICARDO, Anti-Bullying Specialist of the Lacey Township High School; JOHN DOES 1-10, all in their official and individual capacities,<br><br>Defendants. | Hon. Michael A. Shipp, U.S.D.J.<br><br>CIVIL ACTION NO. 19-9452 (MAS-TJB) |

## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO PARTIALLY DISMISS THE COMPLAINT

PASHMAN STEIN WALDER HAYDEN
A Professional Corporation
CJ Griffin, Esq.
Court Plaza South
21 Main Street, Suite 200
Hackensack, New Jersey 07601
(201) 488-8200
cgriffin@pashmanstein.com

AMERICAN CIVIL LIBERTIES UNION
OF NEW JERSEY FOUNDATION
Alexander Shalom, Esq.
Jeanne LoCicero, Esq.
P.O. Box 32159
Newark, New Jersey 07102
(973) 854-1714
ashalom@aclu-nj.org
jlocicero@aclu-nj.org

*Attorneys for Plaintiffs Cody Conroy and H.S., a pseudonym*

On the Brief:
CJ Griffin, Esq.

i

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... iii
PRELIMINARY STATEMENT ..............................................................................5
ARGUMENT .............................................................................................................8
    I.  THE COURT SHOULD NOT DISMISS PLAINTIFFS'
       VAGUENESS AND OVERBREADTH CLAIMS ...................................8
    A.  The Code of Student Conduct is Unconstitutionally Vague ......................9
    B.  The Code of Student Conduct is Unconstitutionally Overbroad.............11
CONCLUSION........................................................................................................17

# TABLE OF AUTHORITIES

                                                           **Page(s)**

**Cases**

Ashcroft v. American Civil Liberties Union,
   535 U.S. 564 (2002)......................................................................................................13

Ashcroft v. Free Speech Coalition,
   535 U.S. 234 (2002)......................................................................................................11

Bethel Sch. Dist. No. 403 v. Fraser,
   478 U.S. 675 (1986)......................................................................................................14

Coates v. City of Cincinnati,
   402 U.S. 611 (1971)......................................................................................................10

Coy ex rel. Coy v. Bd. of Educ. of N. Canton City Sch.,
   205 F. Supp. 2d 791 (N.D. Ohio 2002) ........................................................................10

Hazelwood Sch. Dist. v. Kuhlmeier,
   484 U.S. 260 (1988)......................................................................................................15

J.S. ex rel. Snyder Blue Mountain School Dist.,
   650 F.3d 915 (3d Cir. 2011) ........................................................................... 9, 11, 12, 13

Killon v. Franklin Regional School Dist.,
   136 F. Supp. 2d (W.D. Pa. 2001)..................................................................................10

Layshock ex rel. Layshock v. Hermitage Sch. Dist.,
   650 F.3d 205 (3d Cir. 2011) .........................................................................................12

Morse v. Frederick,
   551 U.S. 393 (2007).............................................................................................. 14, 15

Porter v. Ascension Parish Sch. Bd.,
   393 F. 3d 608 (5th Cir. 2004) .......................................................................................12

Saxe v. State College Area School Dist.,
  240 F. 3d 200 (3d Cir. 2001) ........................................................................... 11, 16

Smith v. Goguen,
  415 U.S. 566 (1974)..........................................................................................10

Sypniewski v. Warren Hills Regional Bd. of Educ.,
  307 F.3d 243 (3d Cir. 2002) ....................................................................... 9, 10, 16

Tinker v. Des Moines Indep. Cmty. Sch. Dist.,
  393 U.S. 503 (1969)............................................................................ 6, 12, 13, 15

Wisniewski v. Bd. of Educ. Of Weedsport Cent. Sch. Dist.,
  494 F. 3d 34 (2d Cir. 2007) ...............................................................................12

**Statutes**

N.J.S.A. 18A:25-2 and 18A:37-2.........................................................................8

N.J.S.A. 18A:37-2..............................................................................................7

**Regulations**

N.J.A.C. 6A:16-7.5 .........................................................................................7, 8

Plaintiffs Cody Conroy ("Conroy") and H.S., a pseudonym, file this brief in opposition to the Motion to Partially Dismiss Plaintiffs' Complaint filed by Defendants Lacey Board of Education ("Lacey BOE""); Craig Wigley, Superintendent; Greg Brandis, Principal; Mark Angelo, Assistant Principle; and Craig Cicardo, Anti-Bullying Specialist (collectively, the "Defendants").

## PRELIMINARY STATEMENT

Defendants' Motion to Dismiss foreshadows their future litigation strategy: distract the court from the actual facts and legal issues in this case by focusing on the bad behavior of others, including those who engaged in actual violence, while ignoring the fact that Plaintiffs' did nothing more than engage in constitutionally protected off-campus speech. Defendants want to distract from the actual facts of this case so desperately that they went as far as including a picture of guns that they claim came from the Parkland school shooter's social media accounts and discussing the alleged social media postings by other students in the Lacey Township School District. Respectfully, those facts do not in any way justify the violation of Plaintiffs' constitutional right to free speech and, because they are outside the four corners of the Complaint, should not have been submitted in support of a Motion to Dismiss and should not be considered by this Court.

What Plaintiffs will ultimately establish in this case is that, as a matter of law,

5

Defendants could not punish them for constitutionally protected speech that occurred off-campus, entirely during their private time, and not during any school-sponsored activity. Even if Defendants could punish students for purely private off-campus speech, Defendants cannot even come close to proving that Plaintiffs' speech caused, or would have caused, a material and substantial disruption at school as required by Tinker v. Des Moines Indep. Cmty. Sch. Dist., 393 U.S. 503, 513-14 (1969). The photographs that Plaintiffs' posted on a Saturday were automatically deleted within 24 hours and only one student even reported seeing it. Defendants' essentially concede that they investigated first to ascertain that there indeed was no threat and then punished Plaintiffs' for their speech anyway.

Protected speech that occurs off-campus and away from school grounds simply cannot be punished. In that regard, as to the legal arguments raised in Defendants' Motion to Dismiss, Lacey BOE's Code of Student Conduct is so vague that it fails to give student adequate notice as to what type of "conduct" will result in punishment and it is so unconstitutionally overbroad that it indeed resulted in Defendants' punishing constitutionally protected off-campus speech. Contrary to Defendants' assertion, Plaintiffs' sufficiently identified the provision of the Student Code of Conduct that is both vague and overbroad.

Although Defendants are correct that Plaintiffs have no private cause of action

under N.J.S.A. 18A:37-2 and N.J.A.C. 6A:16-7.5, Defendants' violation of those provisions of law is further evidence that Defendants' violated Plaintiff's constitutional rights. Even if Defendants could punish students for off-campus speech, which they cannot, Defendants still failed to comply with the statutory standards when it punished Plaintiffs for speech where a) it was not necessary to promote the safety, security and well-being of students, and b) where Plaintiffs' speech did not materially or substantially interfere with the school environment. The punishment imposed upon Plaintiffs' was impermissible under both the federal and state constitutions, but also the school laws.

Regarding Defendants' remaining arguments, Plaintiffs concede that they lack standing to pursue injunctive relief. The claim for equitable relief was included to entice settlement of this matter in a way that would also benefit current and future students of the Lacey Township School District. Unfortunately, the fact that Defendants seek dismissal of the claim only makes settlement more difficult.

For all the reasons argued below, this Court should deny Defendants' Motion to Dismiss Plaintiffs' overbreadth and vagueness claims.

# ARGUMENT

## I. THE COURT SHOULD NOT DISMISS PLAINTIFFS' VAGUENESS AND OVERBREADTH CLAIMS[1]

Defendants insist that Plaintiffs' vagueness and overbreadth claims should be dismissed because Plaintiffs have failed to identify the "exact provision" of the Code of Student Conduct that is unconstitutionally vague or overbroad. This is not true. Plaintiff's did identify the provision at issue that is vague and overbroad. The Code of Student Conduct provides no specific information whatsoever[2] and merely states

---

[1] Plaintiffs do not provide a legal argument in response to Point I and II of Defendants' brief. As noted above, they concede that they do not have standing to seek injunctive relief and that there is no private right of action to support Count IV.

[2] The Code of Student Conduct states only the following:

> School authorities also have the right to impose a consequence on a student for conduct away from school grounds that is consistent with the Lacey BOE's Code of Student Conduct pursuant to N.J.A.C. 6A:16-7.5. This authority shall be exercised only when it is reasonably necessary for the student's physical or emotional safety, security, and well-being or for reasons relating to the safety, security, and well-being of other students, staff, or school grounds, pursuant to N.J.S.A. 18A:25-2 and 18A:37-2. This authority shall be exercised only when the conduct that is the subject of the proposed consequence materially and substantially interferes with the requirements of appropriate discipline in the operation of the school.
>
> [https://www.straussesmay.com/seportal/Public/DistrictPolicy.aspx?policyid=5600&id=b690e3def5a046e7b6e7498475519f22.]

that school authorities have the authority to impose discipline upon a student for conduct that occurs away from school grounds where the conduct materially and substantially interferes with the requirements of appropriate discipline in the operation of the school. This is both vague and overbroad.

### A. The Code of Student Conduct is Unconstitutionally Vague

A policy is unconstitutionally vague when it "does not allow a person of ordinary intelligence to determine what conduct it prohibits, or if it authorizes arbitrary enforcement." J.S. ex rel. Snyder Blue Mountain School Dist., 650 F.3d 915, 936 (3d Cir. 2011) (en banc). When schools adopt vague regulations, "speakers are left to guess as to the contours of its proscriptions." Sypniewski v. Warren Hills Regional Bd. of Educ., 307 F.3d 243, 266 (3d Cir. 2002). A vague policy leaves those who enforce it also guessing what it proscribes or, or even worse, vague policies "may authorize or even encourage arbitrary and discriminatory enforcement." Ibid.

School policies may be more imprecise than criminal codes, but they nonetheless must set forth a "comprehensible normative standard" to which students must adhere. Ibid. Where "no standard of conduct is specified at all," the policy is

---

If the Court believes that Plaintiffs' complaint needs to specifically quote the Student Code of Conduct, then the Court should grant Plaintiffs' leave to amend the complaint rather than dismissing Count II.

unconstitutionally vague. Ibid.  See also Coates v. City of Cincinnati, 402 U.S. 611, 614 (1971) (finding an ordinance unconstitutionally vague where is criminalized conducting one's self in a manner that annoyed others); Killon v. Franklin Regional School Dist., 136 F. Supp. 2d 466, 458-59 (W.D. Pa. 2001) (policy unconstitutionally vague where it was "devoid of any detail").  "Such a provision simply has no core." Smith v. Goguen, 415 U.S. 566, 578 (1974) (finding criminal statute that punished anyone who "treats contemptuously" the flag in public was unconstitutionally vague); Coy ex rel. Coy v. Bd. of Educ. of N. Canton City Sch., 205 F. Supp. 2d 791, 796 (N.D. Ohio 2002) (finding policy unconstitutionally vague where it lacks any content and simply states, "Any action or behavior judged by school officials to be inappropriate and not specifically mentioned in other sections shall be in violation of the Student Conduct Code"). "This absence of any ascertainable standard for inclusion and exclusion is precisely what offends the Due Process Clause." Smith v. Goguen, 415 U.S. at 578.

Lacey BOE's Student Code of Conduct has "no core" at all and does not provide any comprehensible normative standard to guide students so that they know what is unacceptable and will result in punishment. The Code simply states that students may be punished for off-campus conduct that materially and substantially disrupts the school environment. It does not define "conduct" to notify students that

it might reach beyond physical conduct to expressive speech, nor does it contain any "specific examples of impermissible" conduct to provide students fair notice as to what type of "conduct" would materially and substantially disrupt the school environment. See Snyder, 650 F. 3d at 936 (finding school's computer policy prohibiting offensive material was not impermissibly vague because it went on to specifically prohibit "defamatory, sexually explicit, discriminatory, and violent material"). It is thus unconstitutionally vague.

### B.     The Code of Student Conduct is Unconstitutionally Overbroad

The Code of Student Conduct is also overbroad. A policy "is unconstitutional on its face if it prohibits a substantial amount of protected expression." Ashcroft v. Free Speech Coalition, 535 U.S. 234, 244 (2002). Policies that "do[] not contain any geographical or contextual limitations" and that purport to apply to off-campus speech or conduct are unconstitutionally overbroad. Saxe v. State College Area School Dist., 240 F. 3d 200, 216 (3d Cir. 2001) (finding school policy overbroad where it had no geographical limitation and "could even be read to cover conduct occurring outside of school premises," which "would raise additional constitutional questions"). See also Snyder, 650 F. 3d at 935 (finding school policy was not unconstitutionally overbroad where it was "explicitly limited to in-school speech")

The Student Code of Conduct is facially overbroad because, among other reasons, it contains no geographical limitations and indeed expressly extends to off-campus conduct. While Defendants insist that their right to punish students for off-campus conduct is "constitutionally sound," nothing could be further from the truth. Federal courts across the nation have come to differing opinions as to whether schools may reply upon Tinker, 393 U.S. 503, to punish students for off-campus speech. Compare Porter v. Ascension Parish Sch. Bd., 393 F. 3d 608, 615, 620 (5th Cir. 2004) (Tinker does not apply to off-campus speech) to Wisniewski v. Bd. of Educ. Of Weedsport Cent. Sch. Dist., 494 F. 3d 34, 39 & n. 4 (2d Cir. 2007) (Tinker does apply to off-campus speech in certain circumstances).

The Third Circuit has expressly declined to decide whether Tinker applies to off-campus speech, instead deciding cases in a manner that avoids answering that question. For example, in Snyder, an 8-judge majority of the *en banc* court applied Tinker to conclude that a school had unconstitutionally punished a student for off-campus social media postings "without deciding" that Tinker in fact extended to off-campus speech[3] by simply concluding that the student's speech did not materially or substantially disrupt the school environment. 650 F. 3d at 926. Accord Layshock ex

---

[3] The court stated that the argument that Tinker does not extend to off-campus speech was an argument that "has some appeal." Snyder, 650 F. 3d 926 n. 3.

rel. Layshock v. Hermitage Sch. Dist., 650 F.3d 205, 216 (3d Cir. 2011). At the same time, the Third Circuit found that the school's policies in Snyder were not unconstitutionally overbroad in large part because they were "explicitly limited to in-school speech" and limited "to those times when students are under the direct control and supervision of school district officials." 650 F. 3d at 936.

Tinker does not apply to off-campus speech. "[A]s a general matter, the First Amendment means that government has no power to restrict expression because of its message, its ideas, its subject matter, or its content." Ashcroft v. American Civil Liberties Union, 535 U.S. 564 (2002) (internal quotation marks omitted). In Tinker, the Supreme Court famously wrote that its precedent made clear that neither teachers nor students "shed their constitutional rights to freedom of speech or expression at the schoolhouse gate." 393 U.S. at 506. The Court did, however, recognize the "special characteristics of the school environment" and the need to defer to school officials' authority "to proscribe and control conduct *in the schools*." Id. at 506-08 (emphasis added). Ultimately, the Court concluded that speech that would otherwise be protected by the First Amendment could be suppressed within a school setting only where it "would materially and substantially disrupt the work and the discipline of the school." Id. at 513.

While the Supreme Court has carved out narrow exceptions where a school

13

may restrict or punish speech even where there is no threat of material or substantial disruption, each of those exceptions still clearly apply only to speech that occurs on a school campus, during school-sponsored activities or trips, or in school-sponsored expressive activities (such as student newspapers). For example, in Bethel Sch. Dist. No. 403 v. Fraser, 478 U.S. 675, 688 (1986), the Court, concluding that a school did not violate the First Amendment when it punished a student who had used sexually explicit language during a school assembly, held that schools may regulate lewd, vulgar, indecent, and plainly offensive language *in school*. Id. at 683, 685 (emphasis added). See also id. at 688 (Brennan, J., concurring) ("If respondent had given the same speech outside of the school environment, he could not have been penalized simply because government officials considered his language to be inappropriate[.]").

In Morse v. Frederick, 551 U.S. 393, 397 (2007), the Court extended Fraser and held that schools may prohibit student speech that promotes illegal drug use in a case where a student had unfurled a large pro-drug use banner which read "Bong Hits 4 Jesus" during a school-sponsored class trip. The Court made it clear, however, that it was a "school speech" case because the event "occurred during normal hours," was "sanctioned" by the school as "an approved social event or class trip," was supervised by staff from the school, and involved performances by the school band.

Id. at 400-01. Further, in applying Fraser to come to the conclusion that drug-promoting speech can be regulated even where there is no risk of material or substantial disruption, Chief Justice Roberts's majority opinion reiterated that "[h]ad Fraser delivered the same speech in a public forum *outside the school context*, he would have been protected." Id. at 394 (emphasis added).

Both[4] Fraser and Morse, make it clear that schools may regulate "school speech" only, which means speech that occurs on-campus ("in school") or during a school-sponsored activity such as a class trip. Tinker itself recognizes the right to suppress speech in limited circumstances due solely to the "special characteristics *of the school environment*," 393 U.S. at 506 (emphasis added); Chief Justice Roberts made it clear students who use vulgar or lewd speech at home instead of school cannot be punished, Morse, 551 U.S. at 394; and Justice Alito's concurrence in Morse all but expressly states that Tinker does not extend to off-campus speech. 551 U.S. at 422 (Alito, J., concurring) (noting that Tinker allows schools to regulate "in-

---

[4] A third unrelated exception to Tinker that permits schools to regulate speech without proving the threat of a material or substantial disruption is Hazelwood Sch. Dist. v. Kuhlmeier, 484 U.S. 260, 273 (1988), where the Court held that "educators do not offend the First Amendment by exercising editorial control over the style and content of student speech in school-sponsored expressive activities so long as their actions are reasonably related to legitimate pedagogical concerns." Thus, schools may regulate school-sponsored newspapers, theater productions, and other expressive activities that are "disseminated under its auspices."

school speech . . . in a way that would not be constitutional in other settings"). Simply put, neither the Supreme Court nor the Third Circuit has ever allowed schools to punish students for off-campus speech unless it takes place at a school-sponsored event.

Therefore, Lacey BOE's Student Code of Conduct is overbroad because on its face it permits the school to punish students for off-campus conduct. It contains no provisions that limit the punishment to non-expressive, physically harassing conduct,[5] or other conduct that is not constitutionally protected. Rather, it is so broad

---

[5] Courts have held that "non-expressive, physically harassing conduct is entirely outside the ambit of the free speech clause." Saxe, 240 F. 3d at 2016. See also Sypniewski, 307 F. 3d at 265 ("There is no constitutional right to be a bully."). Thus, Defendants' suggestion that this case would limit their right to tackle school bullying is belied by case law.

that, as happened here, on its face it permits school authorities to punish students for even constitutionally protected expressive speech that occurs at home.[6]

Therefore, Plaintiffs' complaint sufficiently identified the provisions of the Student Code of Conduct that are unconstitutionally vague and overbroad. This Court should deny Defendants' Motion to Dismiss.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendants' Motion to Dismiss all constitutional claims predicated upon the vagueness or overbreadth doctrines.

| | |
|---|---|
| PASHMAN STEIN WALDER HAYDEN, P.C. | AMERICAN CIVIL LIBERTIES UNION OF NEW JERSEY FOUNDATION |
| By: s/ CJ Griffin<br>    CJ Griffin | By: /s Alexander Shalom<br>    Alexander Shalom |

---

[6] Schools simply should not be permitted to punish students for expressive speech that occurs off-campus, even where it materially and substantially disrupts the school environment. Students have a right to express themselves, even where their purely private speech causes a stir in the student body. For example, a school should not be permitted to punish a student for standing on the corner of Main Street on a Saturday in a liberal town with an "I Love Trump" sign simply because the demonstration causes a huge stir the student body. Conversely, a school should not be permitted to punish a student who wears their "Transgender and Proud" shirt on the weekend in a conservative town simply because it upsets the student body. Even outside of the political sphere, one could imagine a Red Sox banner in the Bronx or a Cowboys jersey in Philadelphia agitating the student body; neither expression could subject a person to discipline.