UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CODY CONROY and H.S., a pseudonym,

Plaintiffs,

v.

LACEY TOWNSHIP SCHOOL DISTRICT et al.,

Defendants.

Civil Action No. 19-9452 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court upon Lacey Township School District ("School District"), Gregory Brandis ("Brandis"), Craig Wigley ("Wigley"), Mark Angelo ("Angelo"), Craig Cicardo ("Cicardo"), and John Does 1-10's (collectively, "Defendants") Partial Motion to Dismiss Plaintiffs Cody Conroy ("Conroy") and H.S.'s (collectively, "Plaintiffs") Complaint. (ECF No. 7.) Plaintiffs opposed (ECF No. 8), and Defendants replied (ECF No. 9). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court grants Defendants' Partial Motion to Dismiss.

**I. BACKGROUND**

Plaintiffs are two recent high school graduates who were twelfth grade students at Lacey Township High School ("School") in Ocean County, New Jersey, at the time of the dispute. (Compl. ¶¶ 22-23, ECF No. 1.) On Saturday, March 10, 2018, Plaintiffs visited a shooting range

to practice shooting firearms that they assert were "legally purchased and properly permitted." (*Id.* ¶ 25.) Sometime that afternoon, Conroy and H.S. both posted pictures of firearms on Snapchat.[1] (*Id.* ¶¶ 28, 35.)

The following Monday, March 12, 2018, the School District allegedly received a report from a parent of another student at the School in which the parent related that the picture H.S. posted on Snapchat made her child "nervous to come to school." (*Id.* ¶ 27.) Cicardo, the School's Anti-Bullying Specialist, and Angelo, the School's Assistant Principal, met with H.S. to discuss the picture. (*Id.* ¶ 28.) Although the picture H.S. posted was no longer accessible via Snapchat, H.S. had saved a copy of the picture, which he shared with Cicardo, Angelo, and other school administrators. (*Id.* ¶¶ 28-29.) That same day, Cicardo also removed Conroy from his classes and questioned him in Angelo's office about the picture H.S. posted. (*Id.* ¶ 34.) Conroy admitted to posting two pictures of firearms with accompanying captions. (*Id.* ¶¶ 35-36.) Conroy had saved copies of the pictures on his phone, which he showed to Angelo. (*Id.*) Both H.S. and Conroy were punished with a "three-day in-school suspension and one Saturday detention" for posting the pictures. (*Id.* ¶ 38.)

Plaintiffs served their three-day in-school suspensions. (*Id.* ¶ 40.) The School District later rescinded their Saturday detention obligations and, on the final day of their suspensions, Wigley, the School District's Superintendent, informed them that the District would "expung[e]" the records of their discipline. (*Id.*) Plaintiffs maintain, however, that other students had already learned of their punishment through the news media coverage of the incident. (*Id.* ¶ 41.)

Plaintiffs filed a Complaint on April 10, 2019. In Count I, Plaintiffs bring claims under 42 U.S.C. §§ 1983, 1988 for alleged First Amendment violations. (*Id.* ¶¶ 43-48.) In Count II, Plaintiffs

---

[1] Snapchat is a social media application that allows a user to share pictures.

2

challenge the School's Code of Conduct as vague and overbroad. (*Id.* ¶¶ 49-52.) In Count III, Plaintiffs allege that Defendants' conduct violated their right to free speech as guaranteed by Article 1, Paragraph 6 of the New Jersey Constitution. (*Id.* ¶¶ 53-56.) Finally, in Count IV, Plaintiffs contend that Defendants' punishment of Plaintiffs exceeded their statutory authority to discipline students for off-campus conduct as permissible under N.J. Stat. Ann. § 18A:37-2 and N.J. Admin. Code § 6A:16-7.5. (*Id.* ¶¶ 57-64.)

Plaintiffs seek a declaratory judgment that Defendants' conduct violated Plaintiffs' rights to free speech under the First Amendment and the New Jersey Constitution. Plaintiffs also seek injunctive relief to (1) compel the School to "place a corrective statement in [Plaintiffs'] student records files noting that they were unconstitutionally disciplined and [that] their free speech rights were violated"; (2) prevent Defendants from punishing other students for "constitutionally protected speech that occurs off school grounds, outside school hours, and not at school-related events"; (3) compel the School to revise its Code of Conduct to state that the School has "no authority to regulate, discipline, or punish students based on their constitutionally protected speech that occurs off school grounds, outside school hours, and not at school related events," or alternatively that the School "does not punish constitutionally protected speech that does not cause a material and substantial disruption to the school." (*See id.* ¶ 64.) Plaintiffs also seek compensatory damages and costs. (*See id.*)

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendants seek to dismiss Plaintiffs' claims insofar as they seek injunctive or declaratory relief, Plaintiffs' Count IV predicated on a violation of N.J. Stat. Ann. § 18A:37-2 and N.J. Admin. Code § 6A:16-7.5, and Plaintiffs' vagueness and overbreadth claims under the First Amendment and the New Jersey Constitution. Plaintiffs concede that they lack standing to seek injunctive relief. (Pls.' Opp'n Br.

6-7, ECF No. 8.) Plaintiffs also concede that they cannot state a claim under N.J. Stat. Ann. § 18A:37-2 and its implementing regulation, N.J. Admin. Code § 6A:16-7.5, because neither of those provisions authorizes a private cause of action for damages. (*See id.* at 8 n.1.) Plaintiffs, however, oppose Defendants' motion to dismiss their First Amendment vagueness and overbreadth claims. (*See generally* Pls.' Opp'n Br.)

## II. <u>LEGAL STANDARD</u>

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). On a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citation omitted).

A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must "'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must "review[] the complaint to strike conclusory allegations." *Id.* The court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). In doing so, however, the court is free to ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show

that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678).

## III. DISCUSSION

The Court must consider the text of a regulation to determine whether it is overbroad and vague. A regulation of speech is overbroad and "can be struck down entirely if it proscribes a significant amount of constitutionally protected speech." *Sypniewski v. Warren Hills Reg'l Bd. of Educ.*, 307 F.3d 243, 258 (3d Cir. 2002). Because of the potential chilling effect on free speech, a regulation "can be found unconstitutionally overbroad if there is a likelihood that the statute's very existence will inhibit free expression to a substantial extent." *Id.* (internal quotations omitted). But even in the context of First Amendment challenges, the Supreme Court's decisions have "recognized that the overbreadth doctrine is strong medicine[,] . . . employed . . . with hesitation, and then only as a last resort." *L.A. Police Dep't v. United Reporting Publ'g Corp.*, 528 U.S. 32, 39 (1999) (internal quotations omitted). As such, a regulation will not be susceptible to a facial overbreadth challenge "unless the overbreadth is 'substantial in relation to the [regulation's] plainly legitimate sweep.'" *Sypniewski*, 307 F.3d at 259 (quoting *Broadrick v. Oklahoma*, 413 U.S. 601, 615 (1973)).

A regulation of speech is invalidated as overbroad "if no reasonable limiting construction is available that would render the policy constitutional." *Id.* "[E]very reasonable construction must be resorted to, in order to save a statute from unconstitutionality." *Id.* (quoting *Saxe v. State Coll. Area Sch. Dist.*, 240 F.3d 200, 215 (3d Cir. 2001)). The Court's inquiry, therefore, is "whether the relatively broad language of the [Code of Conduct] can reasonably be viewed narrowly enough to avoid any overbreadth problem." *Id.*

5

The First Amendment vagueness test also requires a court to review the language of the challenged regulation for unconstitutional ambiguity. For a regulation to survive a vagueness challenge, it must "set out [the proscribed conduct] in terms that the ordinary person exercising ordinary common sense can sufficiently understand and comply with, without sacrifice to the public interest." *Id.* at 266 (quoting *U.S. Civil Serv. Comm'n v. Nat'l Ass'n of Letter Carriers*, 413 U.S. 548, 579 (1973)). "For public elementary and secondary school disciplinary rules, the language . . . [must be] specific enough to give fair notice to the students and to provide school officials with standards by which to enforce the policy." *Id.* at 267.

It is clear from the relevant Supreme Court and Third Circuit authority that the Court must consider the precise text of a regulation to decide a First Amendment vagueness and overbreadth challenge. The Court cannot determine whether a reasonable construction of a regulation exists to resolve an overbreadth challenge without considering the text of the regulation. The Court must likewise be able to consult the language of a regulation to determine whether it is sufficiently specific to survive a vagueness challenge.

Plaintiffs' vagueness and overbreadth claims, therefore, cannot survive Defendants' Partial Motion to Dismiss because Plaintiffs failed to quote the Code of Conduct's specific language that they claim is overbroad and vague within the Complaint.[2] Plaintiffs' Complaint highlights the perceived effect of the Code of Conduct, but the Complaint fails to identify the exact language that this Court must scrutinize. Plaintiffs' inclusion of the challenged text of the Code of Conduct in

---

[2] Other courts have similarly declined to consider vagueness and overbreadth claims when plaintiffs have failed to identify the specific language they are challenging. *See Willman v. U.S. Ofc. of Atty. Gen.*, No. 19-10360, 2019 WL 2402940, at *6 (E.D. Mich. June 7, 2019); *McCloud v. United States*, No. 04-1721, 2015 WL 224990, at *12 (E.D. Mo. Jan 15, 2015).

their opposition brief[3] cannot cure this deficiency in their pleadings, as "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Pa. ex rel. Zimmerman v. Pepsico, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Corp.*, 745 F.2d 1101, 1107 (7th Cir. 1984)).

Both parties agree, however, that "if the Court believes that Plaintiffs' complaint needs to specifically quote the Student Code of Conduct," the Court should grant Plaintiffs leave to amend their Complaint. (Pls.' Opp'n Br. 9 n.2.; *see* Defs.' Reply Br. 4 ("The Court should also dismiss Count II without prejudice and allow [P]laintiffs to identify the provision they claim is overbroad and vague.").) The Court, therefore, grants Plaintiffs leave to file an amended complaint that cites the specific language of the School's Code of Conduct they are challenging.

## IV. CONCLUSION

In sum, the Court (1) dismisses Plaintiffs' Complaint insofar as it seeks injunctive and declaratory relief; (2) dismisses Count IV; and (3) dismisses Count II and grants Plaintiffs leave to amend the Complaint. The Court will enter an order consistent with this Memorandum Opinion.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**

Dated: January 31, 2020

---

[3] In their Opposition Brief, Plaintiffs identify the language from, and provide a hyperlink to, the Code of Conduct that they are challenging. (Pls.' Opp'n Br. 8 n.2.) Defendants contend that the link refers to a policy adopted in May 2019 after Plaintiffs had already graduated, although they concede that "certain language may be identical." (Defs.' Reply Br. 2.) Defendants further assert that the quoted language Plaintiffs provide contains inaccuracies and is misleading. (*Id.* at 2-3.)